UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 28 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| HAROLD E. MCCOY, | ) |
| Plaintiff, | ) 3:06CV0140 AS |
| v. | ) Civil Action No. 05 2293 |
| I.D.O.C. STAFF, et al., | ) |
| Defendants. | ) |

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____
Deputy Clerk

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on review of plaintiff's *pro se* complaint, motion to amend, and application to proceed *in forma pauperis*. Plaintiff is an inmate at the Indiana State Prison in Michigan City, Indiana. He alleges that officials at that facility have conspired to violate his constitutional rights.

Under Title 28 U.S.C. § 1404(a) a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

Even though a court should typically give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65

(D.D.C. 2001). Moreover, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974)(en banc).

Plaintiff is challenging the actions of officials at the prison in Indiana. Those records as well as the witnesses necessary to testify about them would likely be in his place of incarceration. The case does not involve an issue of national policy which would require the testimony of high-level agency officials in Washington, D.C. *See Starnes*, 512 F.2d at 932-33. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F.Supp.2d at 66. Accordingly, it is

**ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Northern District of Indiana. Whether plaintiff's application to proceed *in forma pauperis* is a matter to be addressed by the transferee court.

_____<br>
United States District Judge

Dated: 11/21/05

-2-